FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC and CONTINENTAL INSURANCE COMPANY, successor to Fidelity Casualty Company of New York, <br><br> Petitioners, <br><br> v. <br><br> DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; et al., <br><br> Respondents. | No. 11-71587 <br><br> BRB No. 10-454 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted December 7, 2012
San Francisco, California

Before:      HAWKINS, TASHIMA, and MURGUIA, Circuit Judges.

Petitioner Blackwater Security Consulting, LLC, and its insurance carrier,

Continental Insurance Company (together, "Blackwater"), petition for review of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the decision of the Benefits Review Board ("BRB") partially affirming the decision of the Administrative Law Judge ("ALJ") and awarding Daniel Raymond compensation under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* ("LHWCA"), as extended by the Defense Base Act, 42 U.S.C. § 1651 *et seq.* ("DBA"). Because the facts and procedural history are familiar to the parties, we do not recite them here, except as necessary to explain our disposition. We have jurisdiction under 33 U.S.C. § 921(c). We review decisions of the BRB "for errors of law and adherence to the substantial evidence standard." *Keenan v. Dir., OWCP*, 392 F.3d 1041, 1044 (9th Cir. 2004). We deny Blackwater's petition for review.

Blackwater's contention that the BRB overturned the factual finding of the ALJ that Raymond planned to cease his overseas employment is incorrect: the BRB did not dispute the ALJ's finding, rather it held that the finding was legally irrelevant. Blackwater's argument that the ALJ should have been allowed to take account of Raymond's plans to return stateside is similarly without merit. We agree with the BRB that the LHWCA does not permit the result that Blackwater seeks.

The LHWCA defines disability as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any

-2-

other employment." 33 U.S.C. § 902(10). Raymond's circumstances fall within the plain language of this definition. Nor is it contested that his unscheduled partial permanent disability brings him within the terms of § 908(c)(21). That section unambiguously provides that an ALJ shall award two-thirds of the difference between a claimant's average weekly wages *at the time of injury* and his post-injury wage-earning capacity. 33 U.S.C. § 908(c)(21). Nothing in the statutory scheme allows for an ALJ to disregard or modify this formula.

We have repeatedly held that the LHWCA does not grant an ALJ any discretion to re-calibrate a claimant's average weekly wages at the time of injury based on future events that would have changed that wage regardless of injury. *See, e.g.*, *Sestich v. Long Beach Container Terminal*, 289 F.3d 1157, 1160-61 (9th Cir. 2002) (assuming that wages would have increased as claimant argued, but holding that fact legally irrelevant because award properly based solely on mathematical formula); *Keenan*, 392 F.3d at 1045-46 (same). The decision of the BRB was therefore not erroneous.

Finally, Blackwater's argument that applying the plain language of the LHWCA to overseas contractors creates "absurd" results misapprehends the role of the judiciary. The LHWCA and the DBA embody legislative choices that we have no authority to disregard. *See Potomac Elec. Power Co. v. Dir., OWCP*, 449 U.S.

268, 282-84 (1980) (stating that where plain statutory language "produces incongruities, the federal courts may not avoid them by rewriting or ignoring that language"). Accordingly, we must interpret and apply the LHWCA and the DBA as written.

The decision of the BRB was correct.

**PETITION DENIED.**